UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| Salamat Urzanov (201 892 598)<br>and Begaiym Kalmak<br><br>    Plaintiffs,<br><br>    v.<br><br>Kristi Noem, Secretary,<br>Department of Homeland Security;<br>Kevin Riddle, District Director,<br>Chicago Field Office, U.S. Citizenship &<br>Immigration Services,<br><br>    Defendants. | Case No. 25-cv-12850 |

## **PETITION FOR WRIT OF MANDAMUS**

Plaintiffs, Salamat Urzanov and Begaiym Kalmak, by and through their own and proper persons and through their attorneys KRIEZELMAN BURTON & ASSOCIATES, LLC, hereby petition this Honorable Court for a Writ of Mandamus directing the U.S. Department of Homeland Security and U.S. Citizenship and Immigration Services (hereinafter "USCIS") to adjudicate the I-130 visa petition for alien relative, and in support thereof, state as follows:

### Introduction

1. This is a civil action brought by Salamat Urzanov and his spouse Begaiym Kalmak to compel the Defendants to take action on the visa petition for alien relative (USCIS Form I-130) filed by Plaintiffs with U.S. Citizenship and Immigration Services ("USCIS") *over three and a half years ago.*

1

**Jurisdiction And Venue**

2. This court has jurisdiction over this action pursuant to 28 U.S.C. § 1331 (federal question) in conjunction with 28 U.S.C. § 1361 (mandamus), the Administrative Procedure Act (APA) (5 U.S.C. § 555(b)), and the Immigration & Nationality Act and regulations implementing it (Title 8 of the CFR).

3. Under 28 U.S.C. § 1331, "(t)he district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." There is jurisdiction under 28 U.S.C. § 1331 because this action arises under the Administrative Procedure Act (APA) (5 U.S.C. § 555(b) and 5 U.S.C. § 702), and the Immigration & Nationality Act (INA) and regulations implementing it (Title 8 of the CFR).

4. Under 28 U.S.C. § 1361, "(t)he district courts shall have original jurisdiction of any action in the nature of mandamus to compel an officer or employee of the United States or any agency thereof to perform a duty owed to the plaintiff."

5. The APA requires USCIS to carry out its duties within a reasonable time. 5 U.S.C. § 555(b) states, "(w)ith due regard for the convenience and necessity of the parties or their representatives and within a reasonable time, each agency shall proceed to conclude a matter presented to it." USCIS is subject to 5 U.S.C. § 555(b). Plaintiffs contend that the delay in processing their visa petition is unreasonable.

6. Both the regulations and the INA provide numerous examples of duties owed by USCIS in the adjustment of status process. 8 U.S.C. § 1103 states that "[t]he Attorney General *shall* be charged with the administration and enforcement of this chapter and all other laws relating to the immigration and naturalization of aliens." (emphasis added). The Code of Federal Regulations further provides that "[e]ach applicant for adjustment of status under

this part *shall* be interviewed by an immigration officer," 8 C.F.R. § 245.6 (emphasis added); and, most importantly, that "the applicant *shall* be notified of the decision of the Director, and, if the application is denied, the reasons for the denial." 8 C.F.R. § 245.2 (emphasis added).

7. The INA also creates duties owed by the USCIS in the processing of relevant petitions. 8 U.S.C. § 1154(b) states, "After investigation of the facts in each case…the Attorney General shall, if he determines that the facts stated in the petition are true and that the alien in behalf of whom the petition is made is an immediate relative … approve the petition and forward one copy thereof to the Department of State." (emphasis added).

8. The language of the statute and these regulations are mandatory, not discretionary, and requires the Defendant to adjudicate the visa petition. USCIS has a mandatory duty to adjudicate applications and petitions and jurisdiction thus vests in mandamus before this Court. *Iddir v. INS*, 301 F.3d 492, 500 (7th Cir. 2002).

9. Venue of this action is proper under 28 U.S.C. § 1391(e)(3). The Defendants maintain offices in this district and the USCIS Office in this district is adjudicating Plaintiffs' petition. Further, Plaintiffs reside in DuPage County, Illinois, which is within the judicial district of the Northern District.

**Parties**

10. Plaintiff Salamat Urzanov was born in Kyrgyzstan. He resides in DuPage County, Illinois. He is married to and residing with Plaintiff Begaiym Kalmak, a citizen of the United States.

11. Defendant Kristi Noem, Secretary for the Department of Homeland Security ("DHS"), is being sued in her official capacity only. Pursuant to the Homeland Security Act of 2002,

Pub. L. 107-296, Defendant Noem, through her delegates, has authority to adjudicate adjustment of status applications and visa petitions filed with the United States Citizenship and Immigration Services (USCIS) and to accord lawful permanent resident status pursuant to 8 U.S.C. § 1255.

12. Defendant, Kevin Riddle, is sued in his official capacity only. He is the District Director of the Chicago Field Office of USCIS. As such, he is the Secretary's designate for the Chicago area, charged with the duty of administration and enforcement of all the functions, powers, and duties of USCIS.

## Factual Background

13. Plaintiff Salamat Urzanov is a citizen of Kyrgyzstan.

14. Plaintiff Begaiym Kalmak is a citizen of the United States.

15. Plaintiffs married on September 30, 2021.

16. On or about February 17, 2022, Plaintiff Kalmak filed an I-130 visa petition for her husband, Plaintiff Urzanov, to classify him as the immediate relative spouse of a U.S. citizen.

17. To date, USCIS has still not made a decision on the visa petition.

18. The Plaintiffs have received no communication regarding final adjudication of the visa petition, nor have they been instructed to provide any further information or documentation to USCIS.

19. Plaintiffs remain married and living together.

## Request For Relief

20. Plaintiffs have complied with all the requirements for filing a visa petition.

21. The Defendants have willfully and unreasonably delayed and have refused to adjudicate the visa petition (Form I-130).

22. The delay in adjudicating the application is not attributable to the Plaintiffs.

23. The Defendants owe the Plaintiffs a duty to adjudicate the visa petition and have unreasonably failed to perform that duty by not adjudicating the petition in the nearly four years it has remained pending. This duty is owed under the Immigration & Nationality Act and its implementing regulations, as well as by the fact that by charging a filing fee, USCIS created for itself an obligation to process and adjudicate the petition.

24. The delay is unreasonable per se.

25. Plaintiffs have exhausted all administrative remedies that may exist. No other remedy exists to resolve Defendants' delay and lack of ability or willingness to adjudicate the application and petition.

WHEREFORE, Plaintiffs pray that this Honorable Court compel the Defendants and those acting under them to perform their duty or duties to adjudicate the visa petition (Form I-130).

Respectfully Submitted,
Salamat Urzanov and Begaiym Kalmak

By: s/ Kevin Raica

Kriezelman Burton & Associates, LLC
200 West Adams Street, Suite 2211
Chicago, Illinois 60606
(312) 332-2550